IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br> ANTHONY LEPORE, JOHN RIFE, and BRIAN DOMALIK, <br>    Defendant. | 1:15-cr-367-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant John Rife's ("Rife") Motion to Compel Production of all Financial Records and Tax Returns of Patrick Jackson and Cecil Clark [104] and Defendant Anthony Lepore's ("Lepore") Motion for *In Camera* Inspection of Cooperating Witnesses' Presentence Reports [132].

**I.    BACKGROUND**

This is a public corruption case. On October 7, 2015, a Grand Jury returned an indictment [1] charging Defendants Lepore, Brian Domalik ("Domalik") and Rife (together, "Defendants") with one (1) count of conspiracy to commit honest services mail fraud, in violation of 18 U.S.C. § 1349, and nine (9) counts of honest services mail fraud, in violation of 18 U.S.C. §§ 1341, 1346. On July 13, 2016, a Grand Jury issued the First Superseding Indictment [107] charging Defendants

with one (1) count of conspiracy to commit honest services fraud, in violation of 18 U.S.C. § 1349; ten (10) counts of honest services fraud, in violation of 18 U.S.C. §§ 1341, 1346, 2; and five (5) counts of bribery, in violation of 18 U.S.C. §§ 666(a)(2), 2.  The First Superseding Indictment further charged Lepore with one (1) count of obstruction of justice, in violation of 18 U.S.C. § 1512(c)(1).  On August 9, 2016, a Grand Jury issued the Second Superseding Indictment [136] ("Indictment") charging Defendants with the same counts listed in the First Superseding Indictment.[1]

The Indictment alleges that Lepore was the president and majority owner of Rite Way Service Inc. ("Rite Way"), an Alabama-based company offering cleaning and other janitorial services to businesses and governments.  (Indictment ¶¶ 2-3).  Rife served as Regional Vice-President for Rite Way's Georgia Division and, from 2010 through 2014, Domalik served as Division Manager for Rite Way's Georgia Division.  (Indictment ¶¶ 4-5).

The Indictment alleges that, from June 2006 through December 2012, Defendants participated in a scheme to obtain janitorial services business by making illicit payments to Patrick Jackson ("Jackson"), the Custodial Services

---

[1] The Second Superseding Indictment appears to contain minor changes in language.

Manager for DeKalb County, Georgia ("DeKalb County") and Director of Building Services for the Georgia World Congress Center ("GWCC"). Defendants allegedly paid for Jackson's housing rent, utilities, furniture, and parking garage space, and gave him cash "and other payments" while he worked for DeKalb County and GWCC. (Indictment ¶ 10). In exchange, Jackson is alleged to have used his government position to help Rite Way win, renew and expand janitorial services contracts with DeKalb County and GWCC. (Indictment ¶ 11). The Indictment also alleges that Lepore took action to delete his Rite Way email after receiving a company-wide litigation hold on documents and other materials, and after learning of the Government's investigation into Rite Way's relationship with Jackson. (Indictment ¶¶ 38-40).

In April 2015, Jackson pled guilty to one (1) count of conspiracy to commit honest services mail fraud. See United States v. Patrick Jackson, No. 1:14-cr-0339 (N.D. Ga. Apr. 2, 2015), ECF No. 33. In May 2015, Cecil Clark ("Clark"), who worked as Rite Way's Georgia Division Manager from 2003 through 2010, pled guilty to one (1) count of conspiracy to commit bribery. See United States v. Cecil Clark, No. 1:15-cr-121 (N.D. Ga. May 26, 2015), ECF No. 6. Jackson and Clark are cooperating with the Government.

On July 13, 2016, Rife filed his Motion to Compel Production of all Financial Records and Tax Returns of Patrick Jackson and Cecil Clark.  On August 8, 2016, Lepore filed his Motion for *In Camera* Inspection of Cooperating Witnesses' Presentence Reports.

## II.   DISCUSSION

### A.   Presentence Investigation Reports

Rife and Lepore ask the Court to conduct an *in camera* review of the Presentence Investigation Reports ("PSR") prepared for Jackson and Clark.  Rife seeks disclosure of any PSR information concerning the witnesses' "assets, income, and ability to pay a fine or restitution."  ([104] at 1).  Lepore seek disclosure of any PSR information "bear[ing] on the[] credibility" of Jackson or Clark.  ([132] at 5).  Lepore and Rife argue they are entitled to this information to impeach Jackson and Clark.  The Government does not oppose these motions, and has identified, for the Court, information in the PSRs that is responsive to Rife and Lepore's requests.

The Government has identified, as responsive to Rife's motion, the following portions of the PSRs:

- Clark's PSR:  paragraphs 66-68, 76, 79.
- Jackson's PSR:  paragraphs 68-78.

4

The Government has identified, as responsive to Lepore's motion, the following portions of the PSRs:

- Clark's PSR:  paragraphs 13, 26, 29 and the associated clarifications by Clark's attorney.
- Jackson's PSR:  a portion of paragraph 58.

Having reviewed the PSRs, the Court concludes that the Government has identified material responsive to Rife and Lepore's motions.  The Government is ordered to promptly provide this responsive material to Rife and Lepore.

B.     Cooperating Witnesses' Financial Records and Tax Returns

Rife seeks disclosure, under Brady, of Jackson and Clark's "financial records and tax returns."  ([104.1] at 1); Brady v. Maryland, 373 U.S. 83 (1963).  The Government states it has produced all responsive materials in its possession, including state tax information for Jackson for the period 2007 through 2012.  ([126] at 2, 8. n.2).  This information includes Jackson's 2008 tax return and a certification that Jackson did not file returns for tax years 2007 and 2009 through 2012.  The Government has not obtained or produced state tax returns for Clark for the relevant period.  The Government also has not produced federal income tax returns for Clark or Jackson.  In early 2014, special agent Reynolds, from the Internal Revenue Service Criminal Investigation, appeared at a Federal Bureau of

Investigation ("FBI") interview of Clark.[2]  She apparently ordered transcripts of Jackson's federal tax returns but later discarded them.

At the August 23, 2016, teleconference with the parties, the Court stated it will order the Internal Revenue Service to disclose the federal income tax transcripts for Jackson and Clark for the years 2006 through 2012.  The Court further stated it will order the Georgia Department of Revenue to disclose Clark's state income tax returns, or any certification of non-filing, for the same period.  Rife stated this production will satisfy his request for tax return information.  Because Rife agrees that the production of these tax records satisfies his request, and because the Government has disclosed all other responsive materials in its possession, Rife's request for tax and other financial information is denied as moot.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Anthony Lepore's Motion for *In Camera* Inspection of Cooperating Witnesses' Presentence Reports [132] is **GRANTED**.  The Government shall promptly provide Defendant Lepore with

---

[2]   Special agent Reynolds attended the interview in her capacity as a member of the FBI's public corruption joint task force.

the portions of the Presentence Investigation Reports that are responsive to his motion.

**IT IS FURTHER ORDERED** that Defendant John Rife's Motion to Compel Production of all Financial Records and Tax Returns of Patrick Jackson and Cecil Clark [104] is **GRANTED IN PART** and **DENIED IN PART AS MOOT**.  The motion is **GRANTED** to the extent the Government is required to promptly provide Defendant Rife with the portions of the Presentence Investigation Reports that are responsive to his motion.  The Court will order the Internal Revenue Service and the Georgia Department of Revenue to disclose records, for the years 2006 through 2012, regarding Patrick Johnson and Cecil Clark's income tax returns.  Defendant Rife's motion is **DENIED AS MOOT** to the extent it seeks tax and other financial information for Cecil Clark and Patrick Jackson.

**SO ORDERED** this 25th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE