IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANTHONY LEPORE,<br>Defendant. | CRIMINAL FILE NO.<br>1:15-CR-367-1-TWT |

**ORDER**

This is a criminal action. It is before the Court on the Defendant's Emergency Motion for Reduction of Sentence [Doc. 330]. On September 22, 2016, the jury convicted Anthony Lepore and his two co-defendants of 16 counts of conspiracy to commit honest services mail fraud, honest services mail fraud, and bribery. Lepore was the President and co-owner of a company that won contracts to provide cleaning services to the Georgia World Congress Center. He and his co-conspirators caused financial benefits (such as rent payments and furniture) totaling approximately $130,000 to be given to the Custodial Services Manager for DeKalb County, who in exchange helped their company procure and renew those contracts. On January 13, 2017, the Court sentenced Lepore to 108 months' imprisonment and two years of supervised release, and imposed a fine of $150,000 and ordered

T:\ORDERS\USA\15\15cr367-1\reduction.docx

restitution of $165,415.83. Lepore satisfied the fine and restitution payments in early 2017. He began serving his sentence on March 21, 2017 and has a projected release date of January 20, 2025.

Lepore seeks compassionate release on the ground that he is 68 years old, which, he says, "places him at a serious risk of death if he remains in BOP custody" because of the coronavirus. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, provides the steps a defendant must take before filing, and the factors a court must consider before ruling on, a compassionate release motion:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that— (1) in any case— (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). To take advantage of this provision, the inmate must first exhaust administrative remedies before seeking judicial relief. *See*, *e.g.*, *United*

*States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (denying motion for compassionate release because defendant failed to exhaust administrative remedies); *United States v. Estrada Elias*, No. 6: 06-096-DCR, 2019 WL 2193856, *2 (E.D. Ky. May 21, 2019) (same); *Guzman v. United States*, No. 3:10-CR-161-TAV-DCP, 2019 WL 1966106, at *2 (E.D. Tenn. May 2, 2019) (same). The Eleventh Circuit has held that "a district court lacks jurisdiction to modify a sentence unless § 3582(c)(1) or (c)(2), another statute, or Rule 35 expressly permits a sentence modification." *United States v. Brennan*, 766 F. App'x 911, 913 (11th Cir. 2019). Administrative exhaustion is a statutory prerequisite without which the court "may not modify a term of imprisonment" under 18 U.S.C. § 3582(c)(1)(A)(i). District courts therefore have no jurisdiction to grant compassionate release motions brought by inmates who have not exhausted administrative remedies.

Here, Lepore states in his motion that he "either submitted or will submit a request for compassionate release to the warden of his institution." Defense counsel has informed the government that Lepore had not submitted any such request at the time the motion was filed. Thus, Lepore has failed to exhaust his administrative remedies (or indeed even to attempt them), and this Court has no authority to modify his sentence. The Defendant's Emergency Motion for Reduction of Sentence [Doc.

330] is DENIED.

SO ORDERED, this 7 day of April, 2020.

>/s/Thomas W. Thrash
>THOMAS W. THRASH, JR.
>United States District Judge